IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| KELLI CARPENTER,<br>    Plaintiffs,<br><br>vs.<br><br>VICTOR CRUZ, M.D.; AND<br>MIMBRES MEMORIAL HOSPITAL;<br>and DOES 1-10, inclusive,<br>    Defendants. | §<br>§<br>§<br>§      Civil Action No. _____<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Parties

1.　　Plaintiff, Kelli Carpenter, is an individual who is a resident of the State of Washington.

2.　　Defendant, Victor Cruz, MD, is an individual who is a resident of the State of New Mexico.  Defendant Cruz may be served with process at 1208 Columbus Rd., Deming, NM 88030.

3.　　Defendant, Mimbres Memorial Hospital, is a corporation that is incorporated under the laws of the State of New Mexico. Defendant has its principal place of business in the State of New Mexico.  Defendant Mimbres is the employer or principal of one or more Defendants, including some of Defendants Does 1-10. Defendant may be served with process by serving its registered agent, Alice Dunham, 270 Chato Dr. NW, Deming, NM 88030.

4.　　Defendants Does 1-10 are unknown individuals who provided medical care to Plaintiff during the time of the incident described in this Complaint.  These unknown individuals may be employees or agents of one or more Defendants in this matter.

### Jurisdiction

5. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

### Venue

6. Venue is proper in this district under 28 U.S.C. *1391(b)(1) and (2)* because defendants reside in this district and a substantial part of the events giving rise to this claim occurred in this district.

### Conditions Precedent

7. All conditions precedent have been performed or have occurred.

### Facts

8. Plaintiff incorporates all prior allegations as if set forth herein.

9. On October 5, 2012, Kelli Carpenter had laparoscopic cholecystectomy performed by Defendant Cruz at Defendant Mimbres Memorial Hospital.

10. The surgery was indicated for Ms. Carpenter's cholecystitis.

11. During the surgery, Defendant Cruz dissected Ms. Carpenter's cystic duct, the duct that joins the gallbladder to the common bile duct, and Ms. Carpenter's cystic artery, the artery that supplies oxygenated blood to the gallbladder and the cystic duct, from the surrounding attachment and fatty tissue. Ms. Carpenter's gallbladder was also removed from its hepatic bed.

12. Defendant Cruz removed the dissected organs, sutured Ms. Carpenter's incisions, and discharged her from the hospital.

13. Shortly after the surgery, Ms. Carpenter began suffering right upper quadrant abdominal pain radiating into the right chest causing difficulty breathing and shortness of breath as well as oral intolerance. An ultrasound and surgical evaluation were performed at a hospital which indicated Ms. Carpenter was suffering from perforations to her common bile duct with necrosis which was causing bile leak. Immediately thereafter, Ms. Carpenter was transferred to the University of New Mexico Hospital for evaluation and treatment.

14. Surgeons evaluating Ms. Carpenter concluded that the bile duct perforations were caused by the surgery performed by Defendant Cruz at Defendant Mimbres Memorial Hospital.

15. Ms. Carpenter continues to be treated for pain and assessed for bile leakage.

## Count 1 – NEGLIGENCE AGAINST DEFENDANT VICTOR CRUZ, MD

16. Plaintiff hereby incorporates all prior allegations as though set forth herein.

17. In undertaking the diagnosis, care and treatment of the Plaintiff, Defendant was under a duty to possess and apply the knowledge and to use the skill and care that is used by a reasonably well-qualified healthcare provider in the same or similar circumstances.

18. Defendant breached his duty and was negligent in the management of the Plaintiff's health and safety. Defendant's negligence, errors, acts and omissions include, but are not limited to:

    a. Failing to provide adequate treatment, services and care necessary to treat the conditions faced by the Plaintiff;

    b. Failing to take the reasonable precautions that were necessary to prevent damage to the health and safety of the Plaintiff;

    c. Failing to properly monitor, evaluate, and treat the Plaintiff; and

      d.    other breaches that may arise after the conclusion of discovery.

19. The management or lack of management of Plaintiff's condition was reckless, wanton and performed with utter disregard for the safety and welfare of the Plaintiff.

20. As a direct and proximate result of the negligent acts and omissions of Defendant, Plaintiff suffered numerous physical, emotional and economic damages as well as severe pain and suffering, loss of enjoyment of life, loss of household services, additional medical bills and other damages all in an amount not presently determinable, but to be proven at the time of trial.

21. As a further direct and proximate result of negligent acts and omissions of Defendant, Plaintiff has experienced mental anguish, emotional distress and pain and suffering, and will suffer mental anguish, emotional distress and pain and suffering in the future.

22. All injuries suffered by Plaintiff relating to this incident, past, present and future, were due to the negligence of the Defendants, without any contributing negligence on the part of the Plaintiffs.

## Count 2 – VICARIOUS LIABILITY AGAINST DEFENDANT MIMBRES MEMORIAL HOSPITAL

23. Plaintiff hereby incorporates all prior allegations as though set forth herein.

24. At all times material hereto, Defendant Mimbres employed and/or had control over unknown individuals involved in the treatment and discharge of Plaintiff Carpenter.

25. Said unknown individuals were under a duty to possess and apply the knowledge and to use the skill and care that is used by a reasonably well-qualified healthcare provider in the same or similar circumstances.

26. Said unknown individuals breached their duty and were negligent in the management of the Plaintiff's health and safety. Said unknown individuals' negligence, errors, acts and omissions include, but are not limited to:

    a. Failing to provide adequate treatment, services and care necessary to treat the conditions faced by the Plaintiff;

    b. Failing to take the reasonable precautions that were necessary to prevent damage to the health and safety of the Plaintiff;

    c. Failing to properly monitor, evaluate, and treat the Plaintiff; and

    d. other breaches that may arise after the conclusion of discovery.

27. The management or lack of management of Plaintiff's medical condition(s) was reckless, wanton, and performed with utter disregard for her safety and welfare.

28. As a direct and proximate result of the negligent acts and omissions of said unknown individuals, Plaintiff sustained serious injuries, other damages and disabilities, required additional medical treatment and incurred pain and suffering. The total injuries are all in an amount not presently determinable, but to be proven at the time of trial.

29. As a further direct and proximate result of negligent acts and omissions of said unknown individuals, Plaintiff experienced mental anguish, emotional distress, and other associated pain and suffering.

30. All injuries suffered by Plaintiff relating to this incident, including all past, present, and future injuries, were due to the negligence of said unknown individuals, without any contributing negligence on the part of Plaintiff.

31. Pursuant to *respondeat superior* and vicarious liability theories of all, Defendant Mimbres is liable for the actions and/or omissions of said unknown individuals.

## Damages

32. As a direct and proximate result of Defendants' conduct, Plaintiff suffered the following injuries and damages: past and future pain and suffering, past and future permanent impairment, past and future disfigurement, loss of chance, loss of enjoyment of life, past and future medical, non-medical and incidental expenses, punitive damages, costs associated with the bringing of this cause of action, prejudgment interest and post-judgment interest, and further relief as the Court deems just and proper.

## Prayer

**WHEREFORE,** Plaintiff prays that Judgment be entered in their favor and against Defendants, in an amount to be proven at the time of trial, for past and future compensatory damages, including but not limited to, pain and suffering, permanent impairment, disfigurement, loss of chance, loss of enjoyment of life, past and future medical, non-medical and incidental expenses, for punitive damages, and for costs associated with the bringing of this cause of action, for prejudgment interest and post-judgment interest, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

BRANCH LAW FIRM

Turner W. Branch
Adam T. Funk
2025 Rio Grande Blvd. NW
Albuquerque, New Mexico 87104
(505) 243-3500 (telephone)
(505) 243-3534 (facsimile)
*Attorneys for Plaintiff*

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Kelli Carpenter

## DEFENDANTS
Victor Cruz, MD; Mimbres Memorial Hospital; Does 1-10

**(b)** County of Residence of First Listed Plaintiff  Pierce County, WA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Luna County, NM
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Branch Law Firm, Turner Branch, Adam Funk, Margaret Branch
2025 Rio Grande Blvd., NW, Albuquerque, NM 87104
505.243.3500

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☒ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332
Brief description of cause:
Medical Malpractice due to negligent surgery

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 01/22/2014
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.
  (b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)
  (c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.  **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.