IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KELLI CARPENTER,

      **Plaintiff,**

v.                                        **CIV 14-64 JCH/SCY**

DEMING SURGICAL ASSOCIATES,
VICTOR CRUZ, M.D., and DEMING
HOSPITAL CORPORATION d/b/a
MIMBRES MEMORIAL HOSPITAL;
AND DOES 1-10, inclusive,

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

On October 1, 2015, Plaintiff Kelli Carpenter filed an Emergency Motion to Enforce Mediation Agreement, Impose Sanctions, and Award Attorney's Fees (ECF No. 112). As grounds for the emergency basis, Plaintiff asserted that the payment of her settlement money was 26 days overdue. Plaintiff requested specific performance of the mediation agreement and asked for sanctions and attorney's fees based on the inherent powers of the Court to impose sanctions for conduct in bad faith, for willful disobedience of a court order, or for fraud on the Court, and based on 28 U.S.C. § 1927 for dilatory conduct. Having considered the motion, briefs, evidence, applicable law, and being fully advised, the Court will deny the motion because the motion to enforce the agreement is moot and sanctions and attorney's fees are not warranted.

## I.      BACKGROUND

On July 29, 2015, the parties reached a "Mediation Agreement," settling the case. *See* Mediation Agreement, ECF No. 112-1. In the written agreement, Defendant agreed to "make payment within fifteen (15) working days from Plaintiff executing a full and final release in the

form provided by Defendant, such release to include indemnification of all outstanding liens and subrogation." *Id.*

On August 14, 2015, Plaintiff's counsel, Adam Funk, sent to defense counsel an email with the Release Agreement attached. Email dated Aug. 14, 2015, ECF No. 112-2. In the email, Mr. Funk said that he was working with University of New Mexico Hospital ("UNMH") on the lien and would get counsel the final number soon. *See id.* As relevant here, the first paragraph of the attached Release Agreement provided:

> For and in consideration of the total sum of … paid to KELLI CARPENTER ("Claimant") and her attorneys, The Branch Law Firm, subject to satisfaction of a statutory right of recovery from the settlement proceeds from the University of New Mexico Hospital, or any negotiated final lien amount that is currently unknown, *which shall be satisfied out of the total amount referenced above by direct payment by or on behalf of Releasees* ….

Release Agreement, ECF No. 112-2 (internal footnote omitted and italics added).

On September 17, 2015, Mr. Funk provided defense counsel via email the lien amounts to be paid to UNMH and UNM Medical Group. *See* Defs.' Resp., Ex. 2, ECF No. 114-2. By email dated September 21, 2015, Mr. Funk provided defense counsel, Scott Mann, with the Tax ID numbers of UNMH and UNM Medical Group. *Id.*, Ex. 3, ECF No. 114-3.

On October 1, 2015, Plaintiff filed her emergency motion to enforce the mediation agreement and to impose sanctions. Pl.'s Mot. 1, ECF No. 112. Plaintiff asserted that payment should have been rendered on September 4, 2015, fifteen working days from the date Plaintiff provided Defendants with the Release Agreement (August 14, 2015) and that Defendants' failure to do so was a breach of the Mediation Agreement, was in bad faith, and was for purposes of delay. *Id.* at 2-4.

Subsequently, on October 6, 2015, Defendant delivered payment. *See* Defs.' Resp., Ex. 4, ECF No. 114-4. The next day, Defendants filed their response to the emergency motion. Defs.'

Resp., ECF No. 114. Defendants argue that, because the Mediation Agreement required funding within 15 working days of the execution of the formal release and that the release include indemnification of all outstanding liens and subrogation, the two documents merged and must be construed together to determine the intent of the parties. *Id.* at 3. Defendants contend that the Release required direct payment by Defendants to Plaintiff's lienholders, so Defendants could not order the checks for the appropriate respective amounts until it received the lien amounts from Plaintiff, which Defendants did not receive until September 17, 2015. *See id.* at 3-4. They contend that impracticability of performance is a defense to a breach of contract claim and that Plaintiff providing the correct lien amounts was a condition precedent to performance by Defendants. Defendants further state that "Plaintiff's counsel received the three settlement checks via Fed Ex overnight delivery on October 6, 2015," which Defendants assert was within 13 working days of Plaintiff's counsel providing drafting instructions to defense counsel. *Id.* at 2.

Instead of filing a reply, Plaintiff filed a Notice of Completion of Briefing, notifying the Court that the motion is ready for decision. Notice 1, ECF No. 115. The Court ordered the parties to file a joint status report detailing what matters in the emergency motion required a decision and asking whether an emergency hearing was necessary. Order 2, ECF No. 116. The parties complied and agreed that the request to enforce the mediation agreement "is moot." Joint Status Report 1, ECF No. 117. Plaintiff nevertheless requests a ruling on her request for sanctions and attorney's fees to deter such alleged delay and misconduct in the future. *See id.* at 1-2. Defendants contend that they complied with their obligations under the Release in a timely manner and properly funded the settlement. *Id.* at 2.

## II.    ANALYSIS

Federal courts have the inherent power to assess attorney's fees against a party where the

party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). A court may also assess excess costs, expenses, and attorneys' fees reasonably incurred because of any attorney's or party's conduct in multiplying the proceedings in any case "unreasonably and vexatiously." 28 U.S.C. § 1927. Based on the Court's review of the record, as detailed above, Defendant's conduct does not amount to bad faith and was not vexatious or sufficiently dilatory to support an award of sanctions or attorney's fees.

**IT IS THEREFORE ORDERED** that Plaintiff's Emergency Motion to Enforce Mediation Agreement, Impose Sanctions, and Award Attorney's Fees (**ECF No. 112**) is **DENIED**.

**UNITED STATES DISTRICT JUDGE**